UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOCELYN PIERRE,

Plaintiff,

-against-

LUCALI BROOKLYN LLC, and
ANTHONY GUARDASCIONE,

Defendants.

**CONSENT DECREE**

Civil Action No.: 1:24-cv-5926-DG-JRC

This Consent Decree is entered into as of the last date signed below ("Effective Date"), by and between the following parties: Plaintiff, Jocelyn Pierre ("Plaintiff"), and Defendants, Lucali Brooklyn LLC, and Anthony Guardascione ("Defendants;" Plaintiff and Defendants shall hereinafter be collectively referred to as the "Parties").

**WHEREAS**, Plaintiff filed the above-captioned matter (the "Action"). Plaintiff alleged that Defendant's property known as and located at 575 Henry Street, Brooklyn, New York 11231 (the "Property"), and the restaurant Lucali's (the "Restaurant") is not accessible to individuals with disabilities in violation of the Relevant Accessibility Laws;

**WHEREAS**, Anthony Guardascione appears in this action by way of counsel and is represented by Johannesen & Umana P.C. for the purposes of this Consent Decree only;

**WHEREAS**, Defendants deny that the Property violates the Relevant Accessibility Laws, and any other wrongdoing or liability, and agreeing to the entry of the Consent Decree cannot be used as an admission of wrongdoing;

**WHEREAS**, the Parties desire to avoid further expense, time, effort, and uncertainty with respect to the Action;

**WHEREAS**, as part of a global settlement, the Parties agree that Defendants shall make readily achievable and technically feasible accessibility improvements to the Property set forth herein, and comply with applicable laws governing accessibility for persons with disabilities;

**NOW, THEREFORE**, for and in consideration of the promises and the mutual covenants and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, the Parties hereby agree to the following terms and conditions be ordered by the Court in this Consent Decree:

## JURISDICTION

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188.

2. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the Property is located within this District and the acts of discrimination alleged in the complaint by Plaintiff, and denied by Defendants, occurred in this District.

## APPLICATION AND PARTIES BOUND

3. The Property is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7), because the operation of the Restaurant affects commerce and the Restaurant is a "restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); 28 C.F.R. § 36.104.

4. Defendants are governed by Title III of the ADA because they own and/or operate Property and Restaurant, which is a place of public accommodation. See 42 U.S.C. § 12182(a); 28 C.F.R. § 36.104.

5. This Consent Decree shall be binding on Defendants, their agents, employees, successors, assigns, and any person or entity carrying on the same or similar use of the Restaurant using a similar name or common ownership.

6. This Consent Decree does not run with the land and is not binding on any bona fide purchaser for market rate consideration.

## FACILITIES COVERED BY THIS CONSENT DECREE

7. This Consent Decree shall apply to all public use and common areas within the Restaurant. This includes, but is not limited to: public entrances, waiting areas, dining areas, backyard, toilet rooms, pathways, and corridors.

8. The Parties agree that the modifications set forth in "Schedule A" have been agreed to by the Parties to resolve this Action.

9. This Consent Decree shall not absolve Defendants or any other person or entity from liability for any violation or potential violation of the Relevant Accessibility Laws concerning any areas within the Property, not expressly included within the coverage of this Consent Decree.

10. Defendants are solely responsible for the means, methods, and options for creating independent access to the Property through the remediations they choose to implement.

11. Plaintiff's consent to Defendants' remediations shall not be deemed to be a representation that such remediations are a full and complete compliance with Defendants' obligations to comply with the ADA and all other related accessibility requirements and standards.

12. Should Defendants need any extensions for any deadline stated in this paragraph, they shall notify Plaintiff's counsel in writing (email acceptable) as to: (i) which deadline needs extending; (ii) the good-cause reason the extension is needed; and (iii) the anticipated new deadline(s) for the completion of the modification(s) with the proposed new deadline, for which time shall be of the

essence. Should a dispute regarding extensions arise, the same may be presented to the Court for adjudication. Plaintiff shall not unreasonably withhold consent to a requested extension; however, Defendants shall remain obligated to make best efforts to timely complete the agreed-upon modifications.

## GENERAL INJUNCTIVE RELIEF

13. Defendants, as well as their officers, agents, servants, employees, successors, and assigns, shall not discriminate against individuals with disabilities, and are permanently enjoined from violating Title III of the ADA with respect to the Restaurant.

## CERTIFICATION

14. Within twelve (12) months after the date of this Consent Decree, unless stated otherwise in Schedule A, Defendants shall submit to Plaintiff a certification, under penalty of perjury, stating that it has substantially complied with all obligations of this Consent Decree that are required to be satisfied or completed at that time. **TIME IS OF THE ESSENCE AS TO ALL DEADLINES SET FORTH HEREIN AND IN SCHEDULE A.**

## RIGHT TO REVIEW COMPLIANCE

15. Upon reasonable advance notice to Defendants, they shall permit Plaintiff and any person acting on Plaintiff's behalf reasonable access to the Property to review compliance with this Consent Decree. If Plaintiff believes that Defendants have violated this Consent Decree, Plaintiff will notify Defendant in writing and seek to resolve the matter amicably before applying to the Court for relief.

## ENFORCEMENT

16. If Plaintiff claims that any provision of this Consent Decree has been violated, Plaintiff may seek judicial enforcement, subject to the notice and cure provisions set forth herein.

a. Plaintiff, by overnight mail to Defendants' counsel, Elizabeth Sarah Johannesen, Esq., Johannesen & Umana, P.C., 68 Jay Street, STE 225, Brooklyn, NY 11201, shall provide written notice (the "Notice to Cure") of: (i) the alleged breach or breaches, specifying the grounds for each alleged breach; and (ii) a stated cure deadline of not less than sixty (60) days from the date of mailing (the "Cure Period").

b. Defendants are entitled to two (2) additional six (6) month extensions to complete the remediations required by this Consent Decree. To exercise an extension under this paragraph, Defendants' counsel shall provide notice by email to Plaintiffs' counsel before the expiration of the current deadline, stating that Defendants are exercising their right to an extension, and each extension, if any, must be exercised separately.

17. The Parties shall engage in good faith discussions to resolve the alleged breach. If Defendants fail to cure within the Cure Period, either party may seek appropriate legal or injunctive relief. Once the modifications set forth in this Consent Decree have been completed, the Property shall be deemed by the Court to satisfy Defendants' obligations under the Relevant Accessibility Laws and this Consent Decree.

## VIOLATION OF THIS CONSENT DECREE

18. A party may seek judicial enforcement of and compliance with this Consent Decree with respect to any breach that remains uncured following the Cure Period, or where the Parties fail to reach a mutually acceptable resolution within the Cure Period or any extension thereof.

19. No enforcement action shall lie for any breach that is timely cured within the Cure Period. The prevailing party in an enforcement action of this Consent Decree may be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such enforcement.

## RETENTION OF JURISDICTION

20. This Court shall retain jurisdiction of this Action to enforce or modify the provisions of this Consent Decree, to resolve any dispute that arises under this Consent Decree, and to entertain any application and issue any orders (including, without limitation, orders directing the modification of policies, practices, and procedures, and orders requiring the removal of barriers to access) as may be necessary or appropriate for the effectuation of its terms. The Parties shall discuss and attempt to negotiate a resolution of any dispute relating to the interpretation or enforcement of this Consent Decree before bringing the matter to the Court's attention for resolution.

## COSTS AND ATTORNEY FEES

21. All parties shall bear their own costs and attorneys' fees in this Action, except as otherwise stated herein.

## SUNDRY TERMS

22. The WHEREAS clauses set forth above shall be deemed to be a part of the Consent Decree.

23. The Parties agree that time is of the essence in all respects regarding this Consent Decree, and any breach of the time limitations set forth in this Consent Decree shall be deemed a material breach.

24. This Consent Decree constitutes the entire understanding and agreement for the remediations set forth herein and supersedes all prior or contemporaneous negotiations or agreements (written or oral).

25. There shall be no modification of this Consent Decree without the written consent of the Parties and the approval of said modification by the Court.

26. If any provision of this Consent Decree or any part of any provision of this Consent Decree is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provisions or parts of this Consent Decree.

27. The Parties acknowledge that each party has reviewed and revised this Consent Decree with counsel, and that this Consent Decree shall not be construed against either party.

28. The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

29. The Parties have read and understood the preceding Consent Decree, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Decree and agree to be bound thereby.

30. Each person executing this Consent Decree on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Decree.

31. The Parties agree that this Consent Decree may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

32. For purposes of this Consent Decree, facsimiles and photocopies of signatures shall be considered equivalent to original signatures.

**IN WITNESS WHEREOF**, the undersigned parties hereby apply for the consent to the entry of this Order as of the last date stated below.

**JOCELYN PIERRE**

5/11/26

Jocelyn Pierre Date

**LUCALI BROOKLYN LLC**

Name: MARK IACONO Date
Title:

**ANTHONY GUARDASCIONE**

Anthony Guardascione Date

**AGREED AS TO FORM:**

**THE MARKS LAW FIRM P.C.**
Attorneys for Plaintiff

5/4/26

Name: DARREN MARKS Date
Title: Principal

**JOHANNESEN & UMANA, P.C.**
Attorneys for Defendants

Name: Elizabeth Sarah Johannesen Date 4/29/26
Title: Founding Partner

**JUDGMENT IS HEREBY ENTERED** in accordance with the foregoing Consent Decree.

**SO ORDERED**, this___ day of April, 2026

*s/ James R. Cho*
**James R. Cho U.S.M.J.**

## SCHEDULE A

## ACCESSIBILITY REMEDIATIONS TO
## 575 HENRY STREET, BROOKLYN, NEW YORK 11231 (the "Property")

The property modifications set forth below (the "Property Modifications") shall be completed in accordance with the ADA, the 2010 Standards for Accessible Design, and the accessibility provisions of the 2022 New York City Building Code (the "Accessibility Standards") no later than sixty days of the Effective Date, unless already completed, or a different timeframe is specified below. The Defendants agree to initiate efforts towards the remediation plan below within 60 days from date of the consent decree:

1. **Front Entrance**
   a. **The Step at the Entrance (within six months)**
      i. Install a permanent ramp at the front entrance of the Property which extends to the first line of the sidewalk square to provide independent access, or as otherwise set forth by their architect.
         1. Obtain all applicable DOB/DOT permits required, if any, for the ramp's installation.

   b. **The Front Door (within six months)**
      i. The front door shall be adjusted to open inward or have an automatic opener with controls inside and outside, within appropriate reach ranges from the sidewalk, that are operational during business hours. Appropriate accessible signage informing people with disabilities that accessible routes and other accessible accommodations are available.

2. **The Backyard**
   a. The Lucali Parties represent that the backyard of Lucali is not and has never been used by Lucali for customers for public commercial use and is only used for Iacono's personal use (i.e. his friends and family) and not part of the public accommodation. If, however, the backyard is ever used for public commercial use, it shall be constructed, maintained, and operated in an accessible manner and in compliance with the Accessibility Standards. The Parties acknowledge that third-party social media posts cannot, by themselves, establish that the backyard is open to the public.

3. **Accessible Dining Area**
   a. Each dining area shall provide no fewer than five percent of dining tables that are wheelchair-accessible, but no less than one accessible table shall be provided in each such area.
      i. The accessible table shall have a minimum of one seating position with adequate knee and toe clearance, a clear floor space, and an unobstructed underside (e.g., supported by legs or a pedestal rather than a central obstruction), and shall provide sufficient usable surface area, and meet the other Accessibility Standards requirements.
      ii. The parties dispute whether service counters are used by the Lucali Parties at the Lucali Premises; however, to the extent service counters are used by the Lucali Parties, such as for take-out/delivery, customer service, etc., such service counters shall comply with applicable standards. The Parties acknowledge that third-party social media posts cannot, by themselves, establish that a service counter is in use.

b. Appropriate accessible signage informing people with disabilities that tables and other accessible accommodations are available.

4. **Accessible Bathroom (within six months)**

a. Defendants will adjust the bathroom door to comply with the Accessibility Standards.

i. Create and maintain a clear path into and throughout the bathroom.
ii. Add insulation to any exposed pipes near the sink or toilet.
iii. Add or maintain grab bars around the toilet.
iv. Lower the amenities to an accessible height (e.g. soap, paper towel, air dryer, toilet seat covers dispenser).
v. Replace the doorknob with an accessible door handle on the bathroom door.

b. Appropriate accessible signage informing people with disabilities that an accessible bathroom is available.

5. **Employee Training Regarding Accessibility**

a. train employees as needed to ensure that people with disabilities are provided with independent access to the Property as required by City, State, and Federal Laws.

6. **Code Compliance**

a. All Property Modifications set forth above shall be performed in compliance with the Accessibility Standards and local laws, rules, regulations, and codes governing the Property, including those promulgated by the New York City Department of Buildings, the New York City Department of Transportation, the New York City Fire Department, the New York State Liquor Authority, and any other relevant governmental authority having jurisdiction.

b. Obtain all applicable DOB/DOT permits required (if any) for the remediation work and work already done on the sidewalk at the entrance to the Property.